THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DAVID W. RHODES, Defendant.

Supreme Court, Albany County, April 16, 1929.

*Hamilton Ward, Attorney-General [Humbert J. Ubertini* of counsel], for the plaintiff.

*A. D. & A. W. Lent,* for the defendant.

STALEY, J.  Upon the trial of this action, following a discussion as to the sufficiency of the complaint, the counsel for the plaintiff moved to withdraw a juror for the purpose of motion for amendment at a Special Term.  This motion was granted by the trial court upon the payment of costs to defendant.

Subsequently an order to that effect was made by the trial justice which directed the payment by plaintiff of defendant's costs and disbursements to date, amounting to the sum of sixty-five dollars and eighty-four cents, and which order stated that the costs and disbursements had been taxed at that amount.

The plaintiff now moves to modify that order by eliminating therefrom the amount of the costs, and by providing that the costs be adjusted and determined, claiming that the procedure for the taxation of costs was not complied with and that the amount thereof as fixed in the order is not proper.

The defendant asserts that subsequent to the order of the trial justice, notice of retaxation was served and that prior to the coming on of this motion, the costs had been taxed at the amount stated in the order.

The matter of taxation or retaxation of the costs cannot be reviewed upon this motion as the items included therein are not before the court.  The court cannot assume that the amount of costs as taxed is erroneous, even though plaintiff asserts it to be so.

The motion for modification of the order referred to is, therefore, denied without prejudice to the plaintiff to apply for correction of the order, in the event that the amount of costs as stated therein is changed by a review, as provided by section 1536 of the Civil Practice Act.

Plaintiff also moves for leave to amend its complaint and to serve amended complaint upon defendant's attorneys.  This motion is premature as all proceedings on the part of the plaintiff are

stayed until the payment of the costs as fixed in the order made or in any modifying order changing the amount thereof.

The plaintiff contends that the failure of defendant to comply with the requirements of section 1494 of the Civil Practice Act and with section 12 of the State Finance Law is responsible for the non-payment of the costs due defendant.

This assertion is not consistent with the position of plaintiff that the amount of the costs is erroneous, or with the present motion which seeks to eliminate the amount from the order on the claim of error. If no question was raised as to the accuracy of the costs as fixed in the order, there might be some force in the position that the proceedings of plaintiff should not be unreasonably delayed or stayed because of the defendant's neglect to proceed according to the requirements of law for their payment.

The plaintiff should proceed to review the retaxation of the costs in the manner provided by law and have that question settled or abandon its contention concerning it.

After this matter is settled or abandoned, the defendant should proceed expeditiously in the manner required by law and by the practice of the State departments to obtain payment thereof, and open the way for the plaintiff to move for amendment or take other proceedings in the case.

The motion for leave to amend is likewise denied without prejudice to renew the motion upon the payment of the costs as eventually determined or upon proof of unreasonable delay of defendant thereafter to obtain payment thereof in the proper manner, or after controversy concerning it is abandoned by plaintiff.

Defendant is awarded ten dollars costs on this motion.